IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUROHOLDINGS CAPITAL & INVESTMENT CORP., f/k/a ATHENIAN CAPITAL HOLDINGS, S.A., | ) ) ) | |
| Plaintiff/Counterdefendant, | ) ) | No. 05 C 1181 |
| v. | ) ) | Judge Charles R. Norgle |
| HARRIS TRUST & SAVINGS BANK, | ) ) ) | Magistrate Judge Denlow |
| Defendant/Counterplaintiff. | ) ) | JURY TRIAL |

**PLAINTIFF EUROHOLDINGS' MOTION FOR JUDGMENT
AS A MATTER OF LAW AS TO DEFENDANT HARRIS' COUNTERCLAIMS**

February 7, 2011

Thomas D. Brooks
Celiza P. Braganca
Dina G. Rollman
SPERLING & SLATER, P.C.
55 West Monroe
Suite 3200
Chicago, IL 60603
312-641-3200
312-641-6492 (fax)

*Attorneys for Euroholdings Capital & Investment Corp.,
f/k/a Athenian Capital Holdings, S.A.*

# INTRODUCTION

Through its Counterclaims, Harris seeks to hold Athenian responsible for the legal fees and settlement amount that arose out of a separate lawsuit brought by LFG against Harris for the unlawful conduct of Harris. Yet Harris did not put the lawsuit, the legal fees, the settlement and the settlement amount in evidence. Without the Complaint in evidence, no reasonable juror can make a finding as to what the allegations were against Harris and what damages were sought against Harris. Without the settlement agreement and settlement amount in evidence, no reasonable jury could determine what claims against Harris the settlement resolved and whether the settlement amount was reasonable. And without a single word of testimony or a single document regarding Harris' alleged legal fees and expenses incurred in defending itself against LFG, much less evidence that the fees and expenses were reasonable, no reasonable jury could hold Athenian liable for such fees and expenses.

While the bookends of the LFG complaint and the LFG/Harris settlement are missing, so too is what should lie between them -- evidence that Athenian's actions somehow caused LFG to sue Harris; evidence that Athenian caused Harris to have to pay LFG a settlement amount; and evidence that Athenian caused the legal fees and expenses that Harris allegedly incurred in defending LFG's action. Without this evidence, no reasonable jury could possibly find that Harris had established its entitlement to: a declaration that Athenian is liable to Harris for the settlement amount paid and attorneys fees incurred by Harris (Count I – Declaratory Judgment) or corresponding compensatory and punitive damages (Count II – Breach of Contract; Count III – Tortious Interference With Contract) or that Athenian was unjustly enriched (Count IV – Unjust Enrichment).

Because no reasonable jury could find in favor of Harris on any of its counterclaims, Athenian is entitled to judgment as a matter of law. *Murray v. Chicago Transit Authority*, 252 F.3d 880, 890 (7th Cir. 2001) (affirming district court's Rule 50(a) judgment as a matter of law where plaintiff "failed to establish a legally sufficient basis for a reasonable jury" to decide in plaintiff's favor on her claims).

## ARGUMENT

### I. There Is No Record Evidence of Harris' Purported Damages.

Harris seeks to recover the settlement amount it allegedly paid to settle claims brought by LFG's Trustee in bankruptcy, as well as the attorneys' fees and expenses that Harris allegedly incurred in defending the LFG Trustee's action. Yet:

There is *no* record evidence of the Complaint filed by the Trustee against Harris. In fact, when counsel for Athenian asked Mr. Belom "As a trustee of LFG's bankruptcy estate, did you have occasion to file a lawsuit against Harris Bank?" counsel for Harris objected on relevance grounds. The objection was sustained, so that Mr. Belom never answered the question. (Tr. 549:6-9) At trial, Mr. Belom merely acknowledged that he was "familiar with the process to seek repayment from Harris for payment towards the general creditors." (Tr. 508:20-21) Harris' vague reference to a "process to seek repayment from Harris" is insufficient to establish the fact that LFG's trustee in bankruptcy filed a lawsuit against Harris.

There is *no* record evidence of a settlement being reached between LFG's estate and Harris. Harris did not even attempt to introduce the settlement agreement between LFG's estate and Harris into evidence. Harris' reference, while cross-examining Mr. Belom, to a payment by Harris "at the end of it" does not establish that a settlement was reached between Harris and LFG's trustee in settlement of a lawsuit.

2

<u>There is *no* record evidence of the amount paid by Harris to settle the claims brought by LFG's Trustee</u>. Mr. Belom's testimony that Harris paid "over $1 million" but that he "can't remember the exact amount" (Tr. 509:6-7) is insufficient to establish: (1) who the payment was made to; (2) why the payment was made (*e.g.* in settlement of LFG's lawsuit); or (3) the dollar amount of the settlement. Because there is no record evidence of the settlement itself or the settlement amount, Harris cannot meet its burden of proving that the settlement was reasonable (*e.g.* "fair, proper, just moderate [and] suitable under the circumstances"). Black's Law Dictionary 5th Ed. 1983.

<u>There is *no* record evidence of the amount of attorneys' fees and expenses incurred by Harris in defending against the claims brought by the LFG Trustee.</u>[1] Harris did not even attempt to have the relevant legal invoices or records of expenses admitted into evidence. Because there is no evidence regarding the attorneys fees whatsoever, Harris cannot meet its burden of establishing that the fees were reasonable. To do so, Harris would have to provide detailed information regarding the legal tasks performed, who performed the legal work, the time expended, the hourly rate charged, how the legal work performed related to the litigation, whether the work performed was required, the benefit to the client, and whether there was a reasonable connection between the fees and the amount involved in the litigation. *Estate of Price v. Universal Cas. Co.*, 779 N.E.2d 384, 389-90 (Ill. App. Ct. 2002).

This Court should enter judgment as a matter of law on Harris' counterclaims because no reasonable jury could conclude that Harris has established sufficient evidence of an essential element of its claims – damages. *See MGE UPS Systems, Inc. v. GE Consumer and Industrial, Inc.*, 622 F.3d 361 (5th Cir. 2010) ("When one of the *prima facie* elements of a claim is damages and the claimant fails to introduce evidence of those damages, he or she commits a fatal error";

---

[1] Harris also has not established a statutory, contractual or other right to its attorneys' fees and expenses.

reversing district court's denial of defendant's Rule 50(a) motion where plaintiff failed to show damages); *Meister v. Medical Engineering Corp.*, 267 F.3d 1123, 1448-9 (D.C. Cir. 2001) (affirming trial court's grant of judgment as a matter of law where there was insufficient evidence to support the jury's verdict).

II.     **There Is No Evidence That Harris' Purported Damages Were Caused By Athenian.**

Even if Harris had introduced sufficient evidence as to its purported damages – which it did not – no factfinder could reasonably conclude that Harris' losses were caused by Athenian. Harris must demonstrate that its damages – the attorneys' fees and the amounts it paid in settlement of the LFG Trustee's action against Harris – were caused by Athenian. Because Harris cannot establish causation its claims fail. *See, e.g., Thompson v. County of Cook*, 609 N.E.2d 290, 294 (Ill. 1993) (affirming reversal of jury verdict for plaintiff where plaintiff could not prove that passenger's death was caused by defendant's road signage);, *Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734, 748 (Ill. 1994) (finding market forces, rather than defendants' wrongful conduct, caused investment losses); *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 685-6 (7th Cir. 1990) (same); *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1289 (7th Cir. 1986) (breach of contract claim fails where "the alleged breach was not causally related to [the alleged] damage").

Here, Harris cannot come close to establishing causation. While Mr. Belom agreed that LFG had a "shortfall of about $1.2 million" in paying its general creditors (Tr. 508:5-14), neither Mr. Belom nor anyone else testified:

- That the LFG trustee sued Harris to recover a shortfall (he did not);
- That the alleged shortfall was caused by LFG's payment of money to Athenian as opposed to LFG's payment of money to Harris and/or other

creditors;

- That the shortfall caused LFG to file for bankruptcy;

- That because LFG filed for bankruptcy, the Trustee pursued claims against Harris;

- That absent LFG filing for bankruptcy the Trustee would not have sued Harris;

- That Harris defended against claims by the Trustee to recover a shortfall caused by Athenian;

- That Harris lost money (*e.g.* settled the LFG action) because Athenian received funds from LFG; or

- That there were no other intervening causes that caused Harris' alleged loss.

With this gaping hole in proof of causation, "a reasonable jury could not conclude that [Athenian's actions] were 'in some reasonably direct, or proximate, way responsible for [Harris'] loss.'" *Robbins v. Koger Properties, Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997) (reversing denial of motion for judgment as a matter of law where plaintiff failed to present sufficient evidence of causation).

## CONCLUSION

No reasonable jury could find in favor of Harris on any of its counts. Accordingly, judgment should be awarded to Athenian pursuant to Rule 50(a) on all counts of Harris' counterclaims.

February 7, 2011

Respectfully submitted,

EUROHOLDINGS CAPITAL & INVESTMENT CORP.,
f/k/a ATHENIAN CAPITAL HOLDINGS, S.A.

By: /s/ Dina G. Rollman
    One of its attorneys

Thomas D. Brooks
Celiza P. Braganca
Dina G. Rollman
SPERLING & SLATER, P.C.
55 West Monroe
Suite 3200
Chicago, IL 60603
312-641-3200
312-641-6492 (fax)

# CERTIFICATE OF SERVICE

I, Dina G. Rollman, an attorney, hereby certify that a true and correct copy of the foregoing **PLAINTIFF EUROHOLDINGS MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO DEFENDANT HARRIS' COUNTERCLAIMS** has been served upon:

>Ronald S. Safer, Esq.
>J. Mark Fisher, Esq.
>Lawrence H. Heftman, Esq.
>Schiff Hardin LLP
>6600 Sears Tower
>233 South Wacker Drive
>Chicago, Illinois 60606

via ECF electronic filing this 7th day of February, 2011


/s/ Dina G. Rollman
Dina G. Rollman