Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1181 | **DATE** | 6/23/2011 |
| **CASE TITLE** | Euroholdings Capital and Investment Corp. vs. Harris Trust & Savings Bank | | |

**DOCKET ENTRY TEXT**

Plaintiff's renewed motion for judgment as a matter of law or for a new trial [234] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the court is Euroholdings Capital and Investment Corp.'s ("ACH") motion under Rule 50(b) for judgment as a matter of law or for a new trial. For the following reasons, the motion is denied.

A jury awarded Harris Trust & Savings Bank ("Harris") $1,210,851 for ACH's breach of a loan agreement. The breach claim was a counterclaim by Harris, the defendant, against ACH, which initiated suit against Harris for claims including various business torts. The jury found against ACH on its claims. In its Rule 50(b) motion for judgment as a matter of law or a new trial, ACH challenges only a portion of the counterclaim verdict. ACH does not dispute that a breach of an agreement occurred, but instead challenges the sufficiency of evidence to support the jury's findings of causation and of damages.

In considering ACH's motion, the court encounters two standards, one for judgment as a matter of law, another for a new trial. "A motion for a new trial can be granted when the district court–in its own assessment of the evidence presented–believes that the verdict went against the manifest weight." Mejia v. Cook Cnty., No. 09-3540, 2011 WL 1518878, at *2 (7th Cir. Apr. 22, 2011) (citing Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 424 (7th Cir. 2000)). In contrast, "a motion for a judgment as a matter of law can be granted only if the court–after viewing the evidence in the light most favorable to the non-movant–believes that the evidence 'supports but one conclusion–the conclusion not drawn by the jury.'" Id. (quoting Ryl–Kuchar v. Care Ctrs., Inc., 565 F.3d 1027, 1030 (7th Cir. 2009)).

ACH argues that the jury was presented with insufficient evidence of damages, let alone damages caused by ACH's breach. "[U]nder Illinois law, it is necessary to show damages—not the specific amount, but rather that the plaintiff did, in fact, suffer some damages." TAS Distrib. Co. v. Cummins Engine Co., 491 F.3d 625, 631 (7th Cir. 2007). Further, the party seeking damages, here Harris, must establish "a reasonable basis for computation of those damages." Id. (quoting Ellens v. Chi. Area Office Fed. Credit Union, 576 N.E.2d 263, 267 (Ill. App. Ct. 1991)). The computation proof must reach "a reasonable degree of certainty." Id. at 632 (citing In re Estate of Halas, 568 N.E.2d 170, 181 (Ill. App. Ct. 1991)). In addition, "the party requesting damages must show causation, that is that the alleged breach is the cause of those damages, with

## STATEMENT

reasonable certainty." Id. at 633 (quoting SK Hand Tool Corp. v. Dresser Indus., 672 N.E.2d 341, 348 (Ill. App. Ct. 1996)). Courts will reverse damage awards that are "based on speculation or conjecture." Id.

The following evidence was before the jury: (1) ACH accepted from a third party, LFG, a sum of $1,210,851 in violation of a loan subordination agreement under which lender Harris should have been paid first; (2) Harris was later repaid by LFG; (3) later yet, however, LFG went bankrupt, had a shortfall of "$1.2 million;" and (4) Harris was forced to pay "over $1 million" or "a little bit over" $1 million to settle claims by LFG's general creditors. ACH contends this evidence was insufficient to allow a jury to decide ACH's breach caused any damages, and certainly not the sum of $1,210,851.

The court observes that by not challenging the jury's finding of a breach of a loan agreement, ACH does not discuss the evidence the jury would have considered to find a breach occurred. That evidence would have included the $1,210,851 sum ACH wrongly accepted from LFG ahead of Harris. Then, on cross examination, the jury heard LFG's trustee in bankruptcy testify that LFG was "$1.2 million" shy of being able to satisfy its creditors, and that Harris had to pay "over $1 million" or "a little bit over" $1 million to cover the shortfall. The jury was presented with the sums in (1), (3), and (4) linked by a chain of events.

As to causation, the striking similarity of the sums in (1), (3), and (4) is powerful evidence creating "reasonable certainty" that ACH's breach was the natural and direct cause of Harris's loss. TAS Distrib. Co., 491 F.3d at 633. The convincing evidence in (1)-(4) rules out a causation finding rooted in "speculation or conjecture." SK Hand Tool Corp., 672 N.E.2d at 348. The court observes that in this case evidence of causation is evidence of damages as well. The jury predictably landed upon the very $1,210,851 sum ACH wrongly accepted ahead of Harris. The three strikingly similar sums in (1), (3), and (4), when causally linked, create "a reasonable degree of certainty," TAS Distrib. Co., 491 F.3d at 632, not based on "speculation or conjecture," SK Hand Tool Corp., 672 N.E.2d at 348, that the ultimate $1,210,851 award was the sum Harris sought as fair compensatory damages for ACH's breach.

ACH's chief point is that Harris failed to put on a case for damages with enough specificity. Such precision is not required by Illinois law. "The amount of a verdict is generally at the discretion of the jury" and "[a] damage award is not subject to scientific computation." Velarde v. Ill. Cent. R.R. Co., 820 N.E.2d 37, 54 (Ill. App. Ct. 2004). As ACH points out, the jury was instructed that "[i]f you find in favor of Harris on its breach of contract claim, you must then decide how much money, if any, would fairly compensate Harris for [ACH]'s breach." The instructions went on to direct the jury to "determine the sum of money that will put Harris in as good a position as it would have been in if [ACH] had performed all of its promises under the contract." For the jury to award Harris in damages the very sum that gave rise to the undisputed breach is a fair and reasonable award supported by clear and specific evidence regarding not only sums of money–both a precise amount and estimates of sums–but also those sums' causal link to ACH's breach.

The court finds that, in its own assessment of the evidence, the manifest weight of the evidence supports the jury's finding both that ACH's breach caused Harris's damages and that those damages were $1,210,851. See Mejia, 2011 WL 1518878, at *2. Accordingly, because the jury's verdict is not against the manifest weight of the evidence, ACH's motion for a new trial is denied. The court also finds that, viewed in a light most favorable to Harris, the evidence did not support a jury finding for ACH on causation and on damages. See id. ACH's motion for judgment as a matter of law is therefore denied as well.

IT IS SO ORDERED.